# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
   **Plaintiff,**

 v.              **Case No. 07-CR-1**

**LENARD ALBERT**
   **Defendant.**

## SENTENCING MEMORANDUM

Defendant Lenard Albert pleaded guilty to unlawful re-entry after deportation, 8 U.S.C. § 1326, and since his period of time-served in pre-trial detention had essentially equaled the low end of his guideline range, the parties jointly requested that the case proceed directly to sentencing.[1]  Prior to the plea hearing, I had solicited sentencing letters from counsel, which contained guideline recommendations and a discussion of pertinent 18 U.S.C. § 3553(a) factors.  I found based on those letters and all of the proceedings in this case, that the record enabled me to meaningfully exercise my sentencing authority under § 3553(a) without a pre-sentence report.  See Fed. R. Crim. P. 32(c)(1)(A).

## I.  GUIDELINES

I first determined the advisory guideline range.  The base offense level in unlawful re-entry cases is 8, U.S.S.G. § 2L1.2(a), with the guideline providing for graduated enhancements based on the nature and severity of the defendant's criminal record prior to his deportation, § 2L1.2(b).  For example, if the defendant was deported after a conviction for a felony "crime of

---

[1] The matter lingered on the court's docket as defendant made unsuccessful efforts to challenge his previous deportation order and prior convictions.

violence" he receives a 16 level enhancement, § 2L1.2(b)(1)(A)(ii); an 8 level enhancement for an "aggravated felony," § 2L1.2(b)(1)(C); and a 4 level enhancement for "any other felony," § 2L1.2(b)(1)(D).

In the present case, defendant's deportation followed his conviction of "assault and battery" in Massachusetts state court, for which he received a 2 year sentence. I had to determine the level of enhancement applicable to this conviction. I first considered whether the conviction qualified for a 16 level enhancement as a felony "crime of violence," which includes:

> any of the following: murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, statutory rape, sexual abuse of a minor, robbery, arson, extortion, extortionate extension of credit, burglary of a dwelling, or any offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another.

U.S.S.G. § 2L1.2 cmt. n.1(B)(iii).

Even though assault and battery under Mass. Gen. Laws ch. 265, § 13A is classified a misdemeanor, because state law provides for punishment by up to 2 ½ years imprisonment it qualifies as a "felony" under § 2L1.2(b)(1)(A), (B) & (D). See U.S.S.G. § 2L1.2 cmt. n.2; see also United States v. Jones, 235 F.3d 342, 345-46 (7th Cir. 2000). However, this offense is not categorically a crime of violence "since actual, attempted, or threatened physical force is not a necessary element of the offense." Jones, 235 F.3d at 347. Jones was decided under the career offender guideline, but the definition of crime of violence contained in § 4B1.2(a)(1) is the same as under application note 1(B)(iii). The record contained no evidence that defendant's battery conviction qualified as an "aggravated assault" under note 1(B)(iii) or that it was one of the other enumerated offenses. Therefore, I found that defendant should not receive a 16 level enhancement.

2

The parties agreed that defendant should receive an 8 level enhancement under 2L1.2(b)(1)(C), which applies to aggravated felonies under 8 U.S.C. § 1101(a)(43), and I accepted that agreement. At the very least, defendant was eligible for the 4 level enhancement for other felonies under § 2L1.2(b)(1)(D). Ultimately, I concluded that I would impose the same sentence regardless of which enhancement I chose.

Therefore, I adopted an offense level of 14: base level 8, § 2L1.2(a), plus 8 under § 2L1.2(b)(1)(C), and minus 2 for acceptance of responsibility, § 3E1.1. I further adopted a criminal history category of II, based on the 2 year prison sentence in the 1993 Massachusetts battery case, which scored 3 criminal history points. See U.S.S.G. §§ 4A1.1(a) & (e)(1). Defendant had no other scored offenses. This produced an imprisonment range of 18-24 months.

## II. SENTENCE

### A. Section 3553(a) Factors

I proceeded then to imposition of sentence, which required me to consider the factors set forth in 18 U.S.C. § 3553(a):

(1)  the nature and circumstances of the offense and the history and characteristics of the defendant;

(2)  the need for the sentence imposed–

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

3

(3) the kinds of sentences available;

(4) the advisory guideline range;

(5) any pertinent policy statements issued by the Sentencing Commission;

(6) the need to avoid unwarranted sentence disparities; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

The statute directs the court, after considering these factors, to impose a sentence that is sufficient but not greater than necessary to satisfy the purposes of sentencing: just punishment, deterrence, protection of the public and rehabilitation of the defendant. 18 U.S.C. § 3553(a)(2). Although the guidelines should be the starting point and the initial benchmark in making this determination, Gall v. United States, 128 S. Ct. 586, 596 (2007), the district court may not presume that the guideline sentence is the correct one, Rita v. United States, 127 S. Ct. 2456, 2465 (2007). Rather, after accurately calculating the advisory range so that it can derive whatever insight the guidelines have to offer, the district court must make an independent determination based on all of the § 3553(a) factors without any "thumb on the scale favoring a guideline sentence." United States v. Sachsenmaier, 491 F.3d 680, 685 (7th Cir. 2007).

**B.  Analysis**

Defendant, a citizen of Dominica, first came to the United States in 1982, apparently lawfully. In 1993, he was convicted of battery and other offenses in Boston, Massachusetts and sentenced to 2 years in prison, and in January 1998, immigration authorities deported him based on these crimes. In December 2006, police officers investigating a drug complaint in Milwaukee came upon defendant, ran a check and found that he was a previously deported

4

alien.  The officers reported the matter to Immigration and Customs Enforcement ("ICE") agents, who found defendant a few days later.  ICE agents ran defendant's photo and prints and confirmed his identity and status, leading to the instant charge.[2]

Defendant was forty-two years old, and his prior record was limited to a breaking and entering charge from 1993, for which he received a sentence of 6 months, and the battery charge, for which he received a 2 year sentence.  The government reported some other law enforcement contacts, but those matters led to no convictions.

The guidelines called for a term of 18-24 months, and the parties jointly recommended a sentence of time served.  Under all of the circumstances, I found such a sentence sufficient but not greater than necessary.  Defendant had been in custody in local jails for just over 17 months, which provided sufficient punishment under all of the circumstances.  18 U.S.C. § 3553(a)(2)(A).  The record contained no indication of new criminal activity upon re-entry to aggravate the case, and ICE would remove him from the country after his release from this sentence, adequately protecting the public.  18 U.S.C. §§ 3553(a)(2)(B) & (C).  Defendant reported some mental health issues, but under the circumstances there was little I could do to address those issues in the sentence: prison is not an appropriate means of providing medical treatment, see 28 U.S.C. § 994(k), and based on his certain removal treatment as a condition of supervised release was not an option.  18 U.S.C. § 3553(a)(2)(D).

### III.  CONCLUSION

Therefore, I imposed a sentence of custody to the Bureau of Prisons for a period of time served, which was essentially consistent with the low end of the guideline range.  This

---

[2] I discussed defendant's immigration history further in my decision denying his motion to dismiss.  (R. 30.)

5

sentence would have been the same regardless of my findings on the guideline enhancement under § 2L1.2(b). I further concluded, based on his financial situation, that defendant lacked the ability to pay a fine and so waived the fine. Finally, because defendant's deportation order had been re-instated, he would not be available for supervision after completion of the prison sentence. Therefore, I imposed no supervised release, which is not required by statute in these types of cases. See United States v. Parker, 508 F.3d 434, 442 (7th Cir. 2007) (stating that "supervised release is discretionary absent a separate statutory provision making it mandatory"). Other terms and conditions of the sentence appear in the judgment.

Dated at Milwaukee, Wisconsin, this 28th day of May, 2008.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge